UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

THERESA BENSON,

    Plaintiff,

v.

PEOPLE OF THE STATE OF CALIFORNIA,

    Defendant.

No. C 10-843 MHP (pr)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

## INTRODUCTION

Theresa Benson, an inmate at the Federal Correctional Institution in Dublin, filed a pro se civil rights complaint under 42 U.S.C. § 1983 concerning a variety of conditions at the Santa Rita jail in Alameda County, where she formerly was housed. Her complaint is now before the court for review pursuant to 28 U.S.C. § 1915A.

## DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. §1915A(a). The court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §1915A(b)(1),(2).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

Benson's complaint is long on generalities and short on specifics about the conditions she found disagreeable at the Santa Rita jail. She must file an amended complaint that cures the deficiencies identified in this order.

First, the amended complaint must allege facts that show constitutional violations. The amended complaint should describe what happened, when it happened and how it violated her constitutional rights. Although the amended complaint need not provide every specific detail of the incident, the allegations need to be more detailed than the "deprived of food" and "sleep deprivation was a torture method" kind of generalities Benson used in the original complaint. This is because some instances of food deprivation or sleep deprivation (e.g., being deprived of one sandwich or being kept awake an hour after one's preferred bedtime) are too trivial to implicate the constitution while others (e.g., no food or sleep for a full week) would violate the constitution – the court cannot determine whether a claim has been stated without some details. Similarly, the court cannot determine whether a claim has been stated as to a denial of exercise and medications because the allegations are too generalized.

With regard to the claim that she was denied medication, plaintiff must allege in her amended complaint what medicine was denied, what the medication was used for when she received it, how long the medicine was denied, and the consequence of the denial of the medicine. She also must link defendants to this claim. To prove that the response of jail officials to an inmate's medical needs was constitutionally deficient, the prisoner must establish (1) a serious medical need and (2) deliberate indifference to that need by jail officials. See McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992), overruled on other grounds, WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A jailer is deliberately indifferent if he knows that a prisoner faces a substantial risk

2

of serious harm and disregards that risk by failing to take reasonable measures to abate it. See Farmer v. Brennan, 511 U.S. 825, 837, 844 (1994).

Second, the complaint does not name any individual defendants and does not link any defendant to the claims asserted. In addition to providing factual information to show that constitutional violations occurred (as discussed above), plaintiff must allege in her amended complaint who caused those constitutional violations. In her amended complaint, she needs to link each defendant to her claims by alleging facts showing the basis for liability for each individual defendant. She should not refer to them as a group (e.g., "the defendants" or "the medical staff"); rather, she should identify each involved person by name and link each of them to her claim(s) by explaining what each defendant did or failed to do that caused a violation of her constitutional rights. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988) (liability may be imposed on individual defendant under § 1983 only if plaintiff can show that defendant proximately caused deprivation of federally protected right).

The only defendant listed in the caption of the complaint is the State of California, and that defendant was named apparently done on the reasoning that the State employed all the people that caused her problems. However, there is no respondeat superior liability under § 1983, i.e., there is no liability under the theory that one is responsible for the actions or omissions of an employee. The State also has Eleventh Amendment immunity from a § 1983 action for damages. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). The State of California therefore is dismissed as a defendant.

If plaintiff does not know the true names of the individuals she believes violated her constitutional rights, the way to deal with the unknown persons is to refer to them as John Doe defendants (for the men) and Jane Doe defendants (for the women). If plaintiff does not know the true name of the alleged wrongdoers, she may use Doe defendant designations, so that each person is separately identified as a Doe defendant, e.g., John Doe # 1, John Doe #2, Jane Doe # 1, Jane Doe # 2, etc. She must allege what each Doe defendant did or failed to do that caused a violation of her constitutional rights. Plaintiff is cautioned that, although the use of Doe defendants is acceptable to withstand dismissal of the complaint at the initial

1 review stage, using Doe defendants creates its own problem: those persons cannot be served 2 with process in this action until they are identified by their real names. The burden remains 3 on the plaintiff to promptly discover the real names of the Doe defendants; the court will not 4 undertake to investigate the names and identities of unnamed defendants.

5 Third, plaintiff needs to state in her amended complaint whether she was a pretrial 6 detainee or a convict at the time of the alleged constitutional violations. Some of her claims 7 would arise under the Fourteenth Amendment's Due Process Clause if she was a pretrial 8 detainee and under the Eighth Amendment if she had been convicted, although the Eighth 9 Amendment serves as a benchmark for evaluating the Fourteenth Amendment claims. See 10 Carnell v. Grimm, 74 F.3d 977, 979 (9th Cir. 1996); Redman v. County of San Diego, 942 11 F.2d 1435, 1443 (9th Cir. 1991) (en banc).

12 Fourth, plaintiff needs to present a complete statement of her claim(s). She attached 13 several grievances to her complaint apparently as a way to explain her problem. The court 14 will not read through exhibits to piece together a claim for a plaintiff who has not pled one. 15 It is plaintiff's obligation to write out a complete statement of her claim(s) in her amended 16 complaint. The court also notes that several of the exhibits attached to the complaint were of 17 such poor copy quality that the court cannot read the handwriting on them.

18 Fifth, plaintiff's allegations that some of her personal property items was lost or stolen 19 while in the county jail do not state a claim upon which relief can be granted. Allegations 20 that a plaintiff has been deprived of her property negligently or intentionally without a pre-21 deprivation hearing do not state a due process claim under § 1983 if the deprivation was 22 random and unauthorized, see Parratt v. Taylor, 451 U.S. 527, 535-44 (1981) (state employee 23 negligently lost prisoner's hobby kit), overruled in part on other grounds, Daniels v. 24 Williams, 474 U.S. 327, 330-31 (1986); Hudson v. Palmer, 468 U.S. 517, 533 (1984) 25 (intentional destruction of inmate's property), because California provides an adequate state 26 post-deprivation remedy, see Zinermon v. Burch, 494 U.S. 113, 128-29 (1990) (where state 27 cannot foresee and therefore provide meaningful hearing prior to deprivation, statutory 28 provision for post-deprivation hearing or common law tort remedy for erroneous deprivation

satisfies due process); Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895). The allegations in the complaint indicate random and unauthorized deprivations of personal property, but that kind of conduct does not amount to a violation of any federal constitutional right. Unauthorized deprivations of personal properly may amount to state law violations but do not amount to federal due process violations.

## CONCLUSION

The complaint is DISMISSED with leave to amend. The amended complaint must be filed no later than **September 30, 2010**, and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Plaintiff is cautioned that her amended complaint must be a complete statement of her claims and will supersede existing pleadings. See London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981) ("a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint.") Failure to file the amended complaint by the deadline will result in dismissal of this action.

IT IS SO ORDERED.

Dated: August 24, 2010

_____
Marilyn Hall Patel
United States District Judge

5